GEORGE T. MACKEY *vs.* THE LATHROP COMPANY.

First Judicial District, Hartford, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER, and BEACH, JS.

Nonperformance of a contract by an employee justifies its rescission by his employer.

The evidence in the present case reviewed and *held* to support a finding of nonperformance upon the part of the employee.

Evidence of acts, conduct and declarations of the employee destructive of the purposes for which the contract was entered into, is clearly admissible to prove his nonperformance of the agreement.

Argued January 4th—decided January 25th, 1917.

ACTION to recover damages for an alleged breach of contract in discharging the plaintiff as a traveling salesman for the defendant, brought to and tried by the Court of Common Pleas in Hartford County, *Markham,*

*J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*John J. Dwyer,* for the appellant (plaintiff).

*Albert C. Bill,* or the appellee (defendant).

PER CURIAM.  To the plaintiff's claim to recover a balance, which he claimed to be due him for services performed under a written contract, four defenses were pleaded, one of which, found true, was nonperformance of the contract by the plaintiff and its repudiation by the defendant for that reason.

The plaintiff has brought the evidence before us and asks that this finding be corrected as being against the evidence.  We think that the evidence supports the finding by showing acts, conduct and declarations of the plaintiff clearly evidencing an intention on his part not to be bound by the contract, thus warranting the rescission of the contract by the defendant.  The corrections asked for cannot, therefore, be made, and this ends the plaintiff's case, unless there were errors in the rulings on evidence as claimed by his counsel.  This evidence tended to prove acts, conduct and declarations on the part of the plaintiff destructive of the purposes for which the contract was entered into, and was so clearly admissible as to render a further consideration of it useless.

The other questions discussed by the plaintiff refer to other aspects of the case and not to the issues upon which the case was decided.  It is needless, therefore, to inquire into their merits, for if the rulings were erroneous they were harmless to the plaintiff.

There is no error.